UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BERNARD TYLER, 04-B-1207,

        Petitioner,

        -v-                                                08-CV-6560(MAT)
                                                           **ORDER**
JAMES CONWAY,

        Respondent.

## I. Introduction

*Pro se* petitioner Bernard Tyler ("petitioner") has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Niagara County Court of Murder in the Second Degree (N.Y. Penal L. § 125.25(1)), Criminal Possession of a Weapon in the Second Degree (former N.Y. Penal L. § 265.03(2)), and Criminal Possession of a Weapon in the Third Degree (N.Y. Penal L. § 265.02(1)). Petitioner's conviction was entered on April 15, 2004, following a jury trial before Judge Sara S. Sperrazza. He is currently serving a sentence of imprisonment of twenty-five years to life.

## II. Factual Background and Procedural History

Petitioner's conviction arises out of the shooting death of Jamil Jackson on the evening of July 7, 2003 in front of the Highland Deli on Highland Avenue in Niagara Falls, New York. At petitioner's trial, the prosecution presented the testimony of several Niagara Falls Police detectives and investigators, three eyewitnesses, a medical examiner, and witnesses that were in contact with petitioner the evening of the shooting. The defense called no witnesses, and petitioner did not testify. Trial

Tr. 583, 585-86, 593-96, 597, 600, 607, 623, 629, 637-638, 708-09, 854-56, 884, 1018. The jury convicted petitioner of two counts of criminal possession of a weapon and one count of intentional murder, for which he was sentenced to aggregate terms of imprisonment totaling twenty-five years to life. Sentencing Tr. 17-20.

Petitioner appealed his conviction to the Appellate Division, Fourth Department, on the following grounds: (1) the evidence was legally insufficient to support the conviction; (2) petitioner was entitled to the submission of the lesser-included offense of manslaughter; (3) the trial court's jury charge on the element of intent was erroneous; (4) the trial court erred in denying suppression of petitioner's oral statements to police; (5) the trial court erred in denying petitioner's request for an instruction of impeachment; and (6) ineffective assistance of trial counsel based on counsel's failure to preserve the legal sufficiency argument and failure to object to the trial court's intent charge. See Pet'r Appellate Br. 44-69. The Appellate Division unanimously affirmed the judgment of conviction. People v. Tyler, 43 A.D.3d 633 (4th Dept. 2007), lv. denied, 9 N.Y.3d 1010 (2007).

Petitioner then filed a timely petition for writ of habeas corpus with this Court, alleging the same grounds for relief as he did on direct appeal. (Dkt. #1) The respondent submitted an answer and supporting memorandum opposing the petition, arguing, without explanation, that petitioner's ineffective assistance of counsel

claim was unexhausted. (Dkt. ## 6, 7). Consequently, petitioner moved to stay his petition in order to permit him to return to state court to exhaust his remedies regarding claims of, *inter alia*, ineffective assistance of trial counsel. (Dkt. #11). The Court granted that motion and directed petitioner to amend his petition to include all of the claims for which he sought review by this Court by June 23, 2009. (Dkt. #15).

Petitioner then returned to state court to file a *pro se* motion pursuant to N.Y. Crim. Proc. L. ("C.P.L.") § 440.10 to vacate the judgment of conviction. The Niagara County Court denied the motion, and leave to appeal that decision was denied by the Fourth Department on April 6, 2010. See Decision and Order, Ind. No. 2003-310, dated 10/9/2009 (Sperazza, J.); Order of the Appellate Division, Fourth Department, KA 10-00008, dated 4/6/2010 (Gorski, A.J.). As to petitioner's claim of ineffective assistance of counsel, the 440.10 court observed, "the effectiveness of counsel based upon the trial record is an issue that was already decided by the appellate court and cannot be reviewed in a motion to vacate the conviction." See Decision and Order, No. 2003-310, dated 10/9/2009 (Sperazza, J.) at 2.

Petitioner's ineffective assistance of counsel claim has now been twice exhausted in the state courts.[1] Accordingly, the Court will vacate the stay entered on May 21, 2009, and proceed to

---

[1] Petitioner did not move to lift the stay, nor did he file an amended petition after his exhaustion efforts were completed.

evaluate all of the claims raised in the original petition, which were exhausted on direct appeal.[2]

Furthermore, the respondent did not provide the Court with petitioner's letter seeking leave to appeal the decision of the Appellate Division to the New York Court of Appeals. In light of the considerable time and resources already expended in addressing this petition by both this Court and the petitioner, this Court will presume that the six grounds of the petition were indeed presented to the highest state court since these claims were included in petitioner's brief on appeal to the Fourth Department, and therefore are fully exhausted.

For the reasons that follow, the Court finds that petitioner is not entitled to the writ, and the petition is dismissed.

**III. Discussion**

    **A.    General Principles Applicable to Federal Habeas Review**

        **1.    Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an

---

[2] The Court is uncertain as to why respondent maintains that petitioner's claim of ineffective assistance of counsel was "not raised in petitioner's state court proceedings." See Resp't Mem. at 10. The record plainly indicates that the issue was raised on direct appeal, responded to by the respondent, and adjudicated on the merits. The 440.10 court observed the same.

4

unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

### 2. Adequate and Independent State Ground Doctrine

It is a well-settled aspect of federal habeas jurisprudence that if "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred" absent (1) a showing of cause for the default and actual prejudice attributable thereto, or (2) a showing that failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state ground will create procedural default sufficient to bar habeas review if the state ground first was an "independent" basis for the decision; this means that "the last state court rendering a judgment in the case clearly and expressly state[d] that its judgment rests on a state procedural bar." In addition, the state procedural bar must be "adequate" to support the judgment-that is, it must be based on a rule that is "'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

If a state court holding contains a plain statement that a claim is procedurally barred then the federal habeas court may not review it, even if the state court also rejected the claim on the merits in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("a state court need not fear reaching the merits of a

federal claim in an alternative holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision).

**B. Merits of the Petition**

**1. Sufficiency of the Evidence**

In his first ground for habeas relief, petitioner contends that the evidence at his trial was legally insufficient to support his murder conviction because the prosecution failed to establish his intent to kill. Petition ("Pet."), Attach. 6-A.

At trial, petitioner's counsel unsuccessfully moved for dismissal on the ground that the witnesses to the shooting provided unreliable testimony. Subsequently, petitioner argued on appeal that the prosecution failed to establish the element of intent with respect to his second-degree murder conviction. The Fourth Department held that petitioner "failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction" and, "[i]n any event, defendant's contention lacks merit." People v. Tyler, 43 A.D.3d 633 (4th Dept. 2007) (citing People v. Gray, 86 N.Y.2d 10, 19 (1995) (holding that a party seeking to challenge the sufficiency of the evidence must contemporaneously object by making a trial order of dismissal and must "specifically direct[ ]" his argument at the alleged error to preserve the claim for appellate review)).

Despite the Appellate Division's alternative ruling on the merits, see Harris, 489 U.S. at 264 n.10, the lower court explicitly relied on a state procedural rule to reject petitioner's

legal insufficiency argument. See C.P.L. § 470.05(2) (codifying New York's contemporaneous objection rule). That claim, therefore, is precluded from habeas review pursuant to the adequate and independent state ground doctrine. See, e.g., Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007) (recognizing New York's "contemporaneous objection" rule as an adequate and independent state ground barring habeas review); see also Fore v. Ercole, 594 F.Supp.2d 281 (E.D.N.Y. 2009) (finding appellate court's determination that petitioner failed to preserve his sufficiency challenge by making only a general motion to dismiss was an adequate and independent state ground); Walker v. Goord, 427 F.Supp.2d 272 (W.D.N.Y. 2006) (appellate court's rejection of legal insufficiency claim based on New York's contemporaneous objection rule was an adequate and independent state ground barring habeas review).

The Court may reach the merits of petitioner's claim, despite the procedural default, if he can demonstrate cause for the default and prejudice, or that failure to consider the claim will result in a miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). A fundamental miscarriage of justice means a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).

Petitioner has not attempted to make the factual showing of "actual innocence" required to qualify for the "fundamental miscarriage of justice" exception. While he does not specifically

allege cause and prejudice to overcome the procedural bar, he does raise an independent claim of ineffective assistance of counsel based upon his attorney's failure to preserve the issue of legal sufficiency. See Pet., Attach. 6-A. Ineffective assistance of counsel may constitute cause for a petitioner's failure to pursue a constitutional claim, e.g., Edwards v. Carpenter, 529 U.S. 446 (2000), but in order to constitute cause, counsel's ineffectiveness must itself rise to the level of a constitutional violation. Id. (stating that "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" (emphasis in original)). Here, petitioner's underlying contention that his attorney was ineffective is without merit. See infra at III.B.6. Because petitioner does not show that his trial attorney was constitutionally ineffective, he consequently cannot establish "cause" to excuse the procedural default. See Zayas v. Ercole, 2009 WL 6338395, *12 (E.D.N.Y. Nov. 9, 2009)("Since petitioner's trial counsel's performance was, in the aggregate, reasonable . . . petitioner cannot establish cause for his failure to preserve the claim.").

This claim, therefore, must be dismissed as procedurally barred.

### 2. Submission of Lesser-Included Offense

Petitioner next contends that he was entitled to the submission of a lesser-included offense for the jury's consideration. Pet., Attach. 6-A-2.

At petitioner's trial, the court denied petitioner's request that the jury be instructed to consider the lesser-included offense of manslaughter in the first degree. Petitioner appealed this point, on which the Appellate Division held,

> [The] County Court did not err in refusing to charge the lesser included offense of manslaughter in the first degree. In view of the evidence that defendant fired his gun multiple times at the victim at close range, with one of the shots piercing the victim's abdomen and damaging several major organs and vessels, the court properly concluded that there is no reasonable view of the evidence that would support a finding that defendant committed manslaughter in the first degree but not intentional murder.

Tyler, 43 A.D.3d at 634.

The respondent argues that a trial court's refusal to submit a lesser-included offense to the jury does not present an issue of constitutional magnitude. Pet'r Mem. at 9. The Court agrees.

It is well-settled that habeas relief does not lie for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). And the propriety of a state court's jury instructions is ordinarily a matter of state law that does not raise a federal constitutional issue. See Cupp v. Naughten, 414 U.S. 141, 146 (1973). Furthermore, although the Supreme Court has held that due process requires a trial court to submit jury instructions on lesser-included offenses in capital cases, it has not yet decided whether due process requires this type of instruction in non-capital cases. Beck v. Alabama, 447 U.S. 625, 637-38 n.14 (1980); see Jones v. Hoffman, 86 F.3d 46, 48 (2d Cir. 1996)

(acknowledging that this Circuit has not yet ruled on the issue). Following this line of reasoning, habeas courts in this Circuit have rejected such claims as not cognizable. See McCullough v. Filion, 378 F.Supp.2d 241, 255 (W.D.N.Y. 2005) (holding that refusal to charge lesser included offense does not implicate a federal constitutional right); Hendrie v. Greene, Civ. No. 906-CV-370 (TJM/RFT), 2010 WL 786467, *9 (N.D.N.Y. March 3, 2010) ("pending the pronouncement of a new constitutional rule, a claim based on an alleged error to charge a lesser included offense is not cognizable in a habeas proceeding because absent such a rule, there is no basis to find an unreasonable application and/or violation of clearly established federal law.") (citing Mills v. Girdich, 614 F.Supp.2d 365, 382 (W.D.N.Y. 2009); Smith v. Barkley, No. 9:99-CV-0257(GLS), 2004 WL 437470, at *5 (N.D.N.Y. Feb. 18, 2004)).

Accordingly, this claim is dismissed because it does not present a question of a constitutional dimension.

### 3. Inadequate Jury Instruction

As he did on direct appeal, petitioner avers that the trial court's instruction with respect to the element of intent was inadequate. Pet., Attach. 6-A-3. The Appellate Division held that the issue was unpreserved, citing C.P.L. § 470.05(2).

Here, the appellate court again relied on the contemporaneous objection rule to reject petitioner's argument relating to the allegedly erroneous jury instruction, which is an adequate and independent state ground barring habeas review. See supra at

III.B.1. As stated earlier, petitioner has not established cause for the procedural default and prejudice resulting therefrom, nor has he alleged that he is actually innocent of the crimes for which he has been convicted.

This claim is therefore dismissed.

### 4. Suppression of Statements

Petitioner contends that the trial court erred in denying suppression of petitioner's oral statements made to police because he was questioned after he invoked his right to counsel. Pet., Attach. 6-A-5.

On January 16, 2004, a suppression hearing was held in which it was established that petitioner was arrested on a bench warrant for misdemeanor charges on July 31, 2003. Petitioner was represented by counsel on those matters. Following his arrest, petitioner was interviewed by Niagara Falls detectives concerning the shooting on Highland Avenue, at which time he had not been charged in connection with the homicide. Petitioner was read and waived his Miranda rights, and he denied his involvement in the shooting. Subsequently, however, petitioner requested a written commitment from the District Attorney promising him a 15-year sentence. Petitioner then called an attorney, who directed that questioning should cease. See Hr'g Mins. dated 1/16/2004 at 14-16, 32-33, 44, 39-40, 66-70, 83. The county court denied petitioner's suppression motion.

On direct appeal, petitioner argued that the statements obtained from him violated the New York right to counsel rule set

forth in People v. Rogers, 48 N.Y.2d 18 (1979), which holds that "once a defendant is represented by an attorney, the police may not elicit from him any statements . . . even when the interrogation concerns unrelated matters." 48 N.Y. 2d at 173. The Appellate Division rejected petitioner's claim on the merits under Rogers and its progeny. Tyler, 43 A.D.3d at 635.

In his appellate brief, petitioner exclusively relied on New York law to frame his argument. The New York rule regarding the right to counsel, however, is broader than the federal rule. In Texas v. Cobb, the Supreme Court stated that the "Sixth Amendment right to counsel is personal to the defendant and specific to the offense." 532 U.S. 162, 172 (2001). Thus, even if petitioner had been represented on the unrelated, prior misdemeanor at the time he made his statements to police, it would not be a basis for claiming a violation of his federal Sixth Amendment right to counsel, because the federal rule permits the questioning of petitioner while he is represented on an unrelated charge. McNeil v. Wisconsin, 501 U.S. 171 (1991).

Accordingly, petitioner's Sixth Amendment claim, based solely on New York law, may be dismissed as non-cognizable. See Hill v. Senkowski, 409 F.Supp.2d 222, 232 (W.D.N.Y. 2006) (holding that, to the extent a state law claim is broader than a similar federal right, the state law claim is not cognizable on federal habeas review).

### 5. Denial of Jury Instruction

Petitioner argues that the trial court erred in denying petitioner's request for an instruction of "impeachment by benefit conferred" with respect to prosecution witness Gabriel Felts ("Felts"), who was with petitioner the night of the shooting. Pet., Attach. 6-A-5.

At petitioner's trial, defense counsel argued that Felts received a benefit in exchange for his trial testimony, and sought to have such a charge read to the jury. The trial court denied petitioner's request on the ground that there was no agreement between the witness and the prosecution, and thus no basis for the jury to conclude that such a benefit might affect the credibility of his testimony.[3] Trial Tr. 1202-1209. The Appellate Division agreed, finding that the lower court properly refused to give the impeachment by benefit conferred instruction. Tyler, 43 A.D.3d at 635.

On the outset, the Court notes that petitioner's "burden is especially heavy" in this context because he challenges the trial court's failure to give a specific instruction, as opposed to an erroneous instruction. Henderson v. Kibbe, 431 U.S. 145, 155 (1974). Moreover, like evidentiary rulings, "[a] jury charge in a state trial is normally a matter of state law and is not reviewable on federal habeas corpus absent a showing that the alleged errors

---

[3] Felts did receive transactional immunity as a result of his testimony at the grand jury pursuant to C.P.L. § 190.40 by operation of law. However, the record indicates that Felts had no knowledge that he received immunity. T. 1204.

13

were so serious as to deprive defendant of a federal constitutional right." United States ex rel. Smith v. Montanye, 505 F.2d 1355, 1359 (2d Cir. 1974). In making this determination, "the habeas court must consider the whole jury charge in the context of all the charges given and the events at trial." McCaskell v. Keane, No. 97-CV-2999 (RPP), 2001 WL 840331, at *10 (S.D.N.Y. Jul.26, 2001) (citing Vargas v. Keane, 86 F.3d 1273, 1277 (2d Cir. 1996)).

The trial court in this case gave a specific instruction to the jury regarding witness credibility and also instructed the jury on interested/disinterested witnesses. T. 1331-32, 1342-43. The jury was therefore properly instructed on the applicable rules, and there is no evidence that the judge misstated the law. Moreover, even though defense counsel was not able to establish that Felts received a benefit from the prosecution, he extensively cross-examined Felts regarding his criminal history and his involvement in the shooting outside of the Highland Deli. He also argued vociferously during summation that Felt's testimony was unreliable and unworthy of belief for a multitude of reasons. In light of the foregoing, petitioner cannot establish that the failure to give the specific instruction was constitutional error. See Cook v. Pearlman, 212 F.Supp.2d 258 (S.D.N.Y. 2002).

This claim is therefore dismissed.

### 6. Ineffective Assistance of Trial Counsel

Petitioner concludes his petition alleging that his trial counsel was constitutionally ineffective for failing to preserve the point of legal insufficiency and failing to object to the trial

court's erroneous instruction on the element of intent. Pet., Attach. 6-A, 6-A-4. The Appellate Division concluded that because petitioner's underlying claims concerning legal sufficiency and the allegedly erroneous jury charge lacked merit, counsel was not ineffective for failing to raise those contentions. Tyler, 43 A.D.3d at 634-635.

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." Id. To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance." Id. at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," id., and may not second-guess defense counsel's strategy. Id. at 690.

First, petitioner cannot establish that his trial counsel was objectively unreasonable in failing to object to the trial court's instruction on intent. The instruction in question reads,

> The term intent used in this definition has its own special meaning in our law. I'm now going to give you the meaning of that term. Intent means conscious objective or purpose. Thus, a person acts with intent to cause the death of another when that person's conscious objective or purpose is to cause the death of another.

Trial Tr. 1362-63.

As the appellate court correctly pointed out, the trial court's instruction defining intent was identical to the suggested instruction contained in New York's Pattern Criminal Jury Instructions. See CJI2d[NY] Penal law § 125.25(1). There is no evidence that the trial judge misstated the law, and thus there was no reason for defense counsel to take exception to the instructions as read. It is also worth noting that the jury did not request a clarification of the instruction on "intent." Trial counsel therefore cannot be faulted for failing to object to a jury instruction that is not objectionable. See, e.g., Campbell v. Fischer, No. CV-04-3569 NG JMA, 2005 WL 2033465, *7 (E.D.N.Y. June 30, 2005) ("Even though there is no official significance to the New York Criminal Jury Instructions, the trial court's instructions in many respects track quite closely the pattern instructions. The trial court gave a detailed definition of burden of proof, which was followed immediately by a recitation of the elements of each of the charged crimes. There is no constitutional

infirmity to the instructions, and thus trial counsel cannot have been ineffective for failure to object them.") (citing United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999).

Likewise, petitioner cannot meet either prong of the Strickland test regarding his attorney's failure to properly preserve the issue of legal sufficiency. On the issue of legal sufficiency, the Appellate Division alternatively held that, "[t]here is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion that, when defendant shot the victim multiple times at close range, striking him once in the abdomen and once in the thigh and causing his death, he did so with intent to kill." Tyler, 45 A.D.3d at 634. As underscored by the appellate court's opinion, it is highly unlikely that a trial order of dismissal on that ground would have been grantede, and, as stated earlier, trial counsel cannot be ineffective where he fails to make a meritless argument. Arena, 180 F.3d at 396. Moreover, because it is unlikely that such a motion would have been successful, there is no reasonable probability that the outcome of petitioner's trial would have been different.

In sum, the Appellate Divison's rejection of petitioner's ineffective assistance of trial counsel claim is neither contrary to, nor an unreasonable application of clearly established Supreme Court precedent, and this claim is dismissed.

**IV. Conclusion**

For the reasons stated above, Bernard Tyler's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and

the action is dismissed.  Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   December 17, 2010
         Rochester, New York